1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE LAW OFFICE OF ROBERT L. STARR**
Robert L. Starr, State Bar No. 183052
robert@starrlaw.com
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOHN FERRY and MOANA HANA FERRY, individually and on behalf of all others similarly situated,

　　　　　Plaintiffs,

　　　　vs.

PORSCHE CARS NORTH AMERICA, INC., and DOES 1 through 10, inclusive,

　　　　　Defendants.

Case No.

**CLASS ACTION**

**COMPLAINT FOR:**

**(1) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE, SECTION 17200,** *et seq.*

**(2) VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE SECTION 1770,** *et seq.*

**JURY TRIAL DEMANDED**

Plaintiffs John Ferry and Moana Hana Ferry ("Plaintiffs"), individually and on behalf of all other members of the public similarly situated, bring this action against Defendant Porsche Cars North America, Inc., ("Defendant" or "PORSCHE"), upon information and belief, except as to their own actions, the investigation of their counsel, and facts that are a matter of public record. The term "Vehicle" shall refer to the 2011 Porsche Cayenne vehicle purchased and owned by Plaintiffs, VIN WP1AE2A25BLA93177. Plaintiffs allege as follows:

## INTRODUCTION

1.      This class action arises out of PORSCHE's failure to accurately and comprehensively identify the vehicle parts that should properly be classified as "high-cost emissions warranty parts" under California's emission control system warranty requirements and covered under the emissions warranty for 7-years and 70,000 miles.

2.      Instead, in order to minimize PORSCHE's warranty exposure, PORSCHE has unilaterally limited the parts that should be covered under the emissions warranty for 7-years and 70,000 miles, including the parts specifically identified by Plaintiffs.

3.      By not comprehensively identifying the parts that should be included as "high-cost" warranty parts, PORSCHE is able to limit the warranty coverage for those parts to only 4-years and 50,000 miles.

4.      By this action, Plaintiffs seek reimbursement for, *inter alia*, all out of pocket costs paid for repairs that should have been covered under the 7-years and 70,000-mile emissions warranty and an injunction to compel PORSCHE to properly identify parts as high-priced warranty parts.

## BACKGROUND

5.      For decades, PORSCHE has been in the business of importing and distributing PORSCHE vehicles in the State of California, with the intent to sell PORSCHE vehicles to consumers in California. As such, the PORSCHE vehicles have been subject to state and federal regulations regarding both emissions standards and regarding PORSCHE's obligations to provide consumers with warranties relating to emissions parts.

6.      Specifically, dating back over 20 years, California Code of Regulations, Title 13, Section 2035, *et seq*., entitled "Emission Control System Warranty Requirements for 1990 and Subsequent Model Year Passenger Car, Light-Trucks, and Medium-Duty Vehicles and Engines ("the CCR") has required PORSCHE to identify to the California Air Resources Board ("CARB") all vehicle parts that are "high-priced" "warranted parts," and has required PORSCHE to provide a 7-year 70,000-mile warranty to California consumers relating to all "high-priced" "warranted parts." This provision is sometimes referred to as the "High-Cost Emissions-Related Parts Warranty" or the "California Emission Control System Warranty."

7.      The CCR very clearly defines the methodology that PORSCHE is required to use in order to identify which parts should be covered as emissions parts. Furthermore, the CCR very clearly defines the methodology that PORSCHE is required to use in order to identify which parts should be covered by the 7-year 70,000-mile warranty.

8.      Pursuant CCR Section 2035, with regard to 1990 and subsequent model year vehicles, a "warranted part" is defined as, "any part installed on a motor vehicle or motor vehicle engine by the vehicle or engine manufacturer, or installed in a warranty repair, which affects any regulated emission from a motor vehicle or engine which is subject to California emission standards."

9.      Furthermore, CCR Section 2037(b) states: "The manufacturer of each motor vehicle or motor vehicle engine shall warrant to the ultimate purchaser and each subsequent purchaser that the vehicle or engine is:

(1)      Designed, built, and equipped so as to conform with all applicable regulations adopted by the Air Resources Board pursuant to its authority in chapters 1 and 2, part 5, division 26 of the Health and Safety Code; and

(2)      Free from defects in materials and workmanship which cause the failure of a warranted part to be identical in all material respects to the part as described in the vehicle or engine manufacturer's application for certification, including any defect in materials or workmanship which would cause the vehicle's on-board

1    diagnostic malfunction indicator light to illuminate, for a period of three years or

2    50,000 miles, whichever first occurs; and

3    (3)    Free from defects in materials and workmanship which cause the failure of a

4    warranted part described in section (c) below for seven years or 70,000 miles,

5    whichever first occurs."

6    10.    California Code of Regulations Section 2037(c) deals with "high-priced

7    warranted parts" under the California Emission Control System Warranty and states:

8    (1)    Each manufacturer shall identify in its application for certification the "high-

9    priced" warranted parts which are:

10    (a)    For 1990 through 2007 model year vehicles: [i] included on the Board's

11    "Emissions Warranty Parts List" as last amended February 22, 1985,

12    incorporated herein by reference, and; [ii] have an individual replacement

13    cost at the time of certification exceeding the cost limit defined in section

14    (c)(3);

15    (b)    For 2008 and subsequent model year vehicles: [i] subject to coverage as a

16    warranted part in section (b)(2) above, and; [ii] have an individual

17    replacement cost at the time of certification exceeding the cost limit

18    defined in section (c)(3).

19    (2)    The replacement cost shall be the retail cost to a vehicle owner and include the

20    cost of the part, labor, and standard diagnosis. The costs shall be those of the

21    highest-cost metropolitan area of California.

22    (3)    The cost limit shall be calculated using the following equation:

23    Cost limit {n)} = \$300 x (CPI{n-2}]/ 118.3

24    Cost limit {n) is the cost limit for the applicable model year of the vehicle

25    rounded to the nearest ten dollars.

26    11.    In summary, any part that either effects a vehicle's emissions, or causes a

27    vehicle's on-board diagnostic malfunction indicator light to illuminate is, for the purpose of

28

determining coverage under CCR, considered a "warranted part." If a part is a "warranted part," the part shall have a 3-year 50,000-mile warranty.

12. However, if the part is a "high-priced" warranted part, as defined by 2037(c) of the CCR, the part, the labor cost of diagnosing the part failure, and the labor cost of replacing the part shall have a 7-year 70,000-mile emissions warranty pursuant to the High-Cost Emissions-Related Parts Warranty.

## PORSCHE'S CONDUCT

13. At all times herein relevant, for each new motor vehicle intended to be distributed by PORSCHE in the State of California, at the time of distribution, PORSCHE has purported to accurately notify CARB of the parts which should be covered as emissions related parts, also known as warranted parts. Furthermore, at all times herein relevant, for each new motor vehicle intended to be distributed by PORSCHE in the State of California, at the time of distribution, PORSCHE has purported to accurately notify CARB of the parts which should be coveredunder the 7-year 70,000-mile California emissions warranty.

14. At all times herein relevant, for each new vehicle intended to be distributed by PORSCHE in the State of California, at the time of distribution, PORSCHE has purported to provide accurate written warranty documents with the vehicle, which purport to accurately identify all of the vehicle parts that are covered under the 3-year 50,000- mile California emissions warranty, as well as the 7-year 70,000-mile California emissions warranty.

15. PORSCHE has engaged in a systematic business practice of omitting from the PORSCHE warranty booklet provided to owners and lessees at the time of sale or lease, and in resources provided by PORSCHE to its dealerships both at the time of sale or lease and afterwards, all of the parts that should be identified as emissions related warranty parts covered under the 3-year 50,000-mile warranty, and the "high-priced" warranted parts and that should be covered under the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty. PORSCHE classifies *some* of the parts as being covered by the 3-year 50,000-mile California emissions warranty, and *some* of the "high-priced" warranted parts as being parts covered under the 7-year 70,000-mile California emissions warranty, but not all of the parts that should be

covered either by the 3-year 50,000-mile California emissions warranty, or the 7-year 70,000-mile California emissions warranty.

16.     Thereafter, when PORSCHE vehicles are presented by consumers to PORSCHE authorized repair facilities for repair, PORSCHE fails to provide coverage under the 3-year 50,000-mile California emissions warranty or the 7-year 70,000-mile California emissions warranty for all of the repairs that should be covered under said emissions warranties.

17.     As a result, California consumers have to pay out of pocket for these repairs which, by operation of California law, should be paid for by PORSCHE.

18.     PORSCHE engages in the alleged misconduct in order to reduce the amount of money that PORSCHE has to pay out on warranty-related repairs and warranty claims.

19.     If PORSCHE properly identified all of the warranted parts and high-priced warranted parts that should be correctly identified as such, then PORSCHE dealerships would properly provide coverage for said high-priced parts under warranty.

20.     The failure by PORSCHE to properly identify parts as warranted parts and "high-priced" warranted parts under the CCR violates California Business and Professions Code section 17200, *et seq*. (the "UCL") and the California Consumers Legal Remedies Act, Cal. Civ. Code Section 1750, *et seq*. (the "CLRA"), and is intended to minimize the amount of money that PORSCHE has to pay out in warranty claims.

21.     Plaintiffs and other consumers have suffered damage and lost money or property as a result of PORSCHE's wrongful conduct.

22.     Plaintiffs' theory does not depend on the premise that CARB was deceived by the information that PORSCHE submitted, and Plaintiffs are not accusing CARB of mismanagement or blaming CARB for PORSCHE's inaccuracy. PORSCHE alone is responsible for selecting and identifying to CARB the parts that PORSCHE has unilaterally identified as warranted parts and "high-cost emissions warranty parts" as part of its application for vehicle certification. That list may be correct as far as it goes or as far as CARB may know. But, as Plaintiffs allege, the list is incomplete, as evidenced by Plaintiffs' own experience.

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

23.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because: (i) members of the Class are citizens of a state different from that of PORSCHE; and (ii) aggregating the claims of individual Class members, the total matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Further, 28 U.S.C. § 1332(d)(5) does not apply because (i) PORSCHE is not a state, state official, or other governmental entity against whom the Court may be foreclosed from ordering relief, and (ii) the number of members of the Class in the aggregate exceeds 100.

24.     This Court has personal jurisdiction over PORSCHE because PORSCHE has sufficient minimum contacts with California, having intentionally availed itself of the California market so as to render the exercise of jurisdiction over it by this District Court consistent with traditional notions of fair play and substantial justice.

25.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because PORSCHE conducts business within the State of California, has failed to designate with the office of the California Secretary of State a principal place of business in California, and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

26.     All of the wrongful acts complained of by Plaintiffs occurred in the state of California, county of Los Angeles.

**PARTIES**

27.     Plaintiff John Ferry ("John") is an individual.

28.     Plaintiff Moana Hana Ferry ("Moana") is an individual.

29.     PORSCHE was and is, upon information and belief, a California corporation, doing business in California.

30.     The true names and capacities of Defendants sued in this Complaint as Does 1 through 10, inclusive, are currently unknown to Plaintiffs, and therefore Plaintiffs sue such Defendants by such fictitious names.

31.     Plaintiffs are informed and believe, and thereon alleges, that DOES 1 through

10 were the partners, agents, owners, shareholders, managers, or employees of PORSCHE at all relevant times.

32.     Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiffs will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained, as may be necessary. Each reference in this Complaint to "PORSCHE" or "Defendant" is also a reference to all Defendants sued as Does 1 through 10.

33.     Plaintiffs reserve the right to expand, limit, modify, or amend these allegations at any time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

### PLAINTIFFS' FACTS

34.     Plaintiffs paid for repairs to the VEHICLE which should have been covered under the high-priced emissions warranty. As a result, Plaintiffs have suffered damage.

35.     On information and belief, PORSCHE's failure to provide proper coverage was an intentional omission by PORSCHE designed to limit PORSCHE's warranty exposure and part of PORSCHE's scheme to fail to properly and comprehensively identify all of the parts that should be identified as high-priced warranted parts and covered for 7-years or 70,000 miles under the California emissions warranty.

36.     The details of how PORSCHE actually applied the CCR formula are exclusively within PORSCHE's possession. Similarly, the information regarding what other parts satisfied the CCR requirements but were not identified by PORSCHE as emissions warranty parts and high-priced emissions warranty parts also are in the exclusive possession of PORSCHE.

37.     When PORSCHE vehicles are presented to PORSCHE dealerships for repairs of defects which should be covered under the 7-year 70,000-mile California emissions warranty, but are not identified by PORSCHE's warranty booklets as being covered,

1   PORSCHE refuses to provide coverage under the emissions warranty. Plaintiffs presented the

2   VEHICLE to a PORSCHE authorized repair facility for repairs prior to the end of the 7-year

3   70,000-mile California emissions warranty period for high-priced emissions parts. Plaintiffs

4   were wrongfully denied warranty coverage.

5      38. The reason that Plaintiffs were charged for said repairs was not the result of an

6   individual issue relating to a PORSCHE Dealership, or an oversight by a PORSCHE

7   Dealership in failing to identify the repairs as repairs that should have been covered under the

8   California emissions warranty, or specifically the 7-year 70,000-mile California emissions

9   warranty. Rather, Plaintiffs were charged for said repairs because of PORSCHE's uniform and

10   systematic business practice of intentionally refusing to identify in the PORSCHE warranty

11   booklet, and in resources provided to its dealerships, all of the parts that should be identified

12   as high-priced warranted parts under California law in order to limit the amount of warranty

13   claims paid by PORSCHE.

14      39. CCR section 2037(c)(1)(B) regarding "High-priced Warranty Parts" requires

15   PORSCHE to identify the "high-priced warranted parts . . . which have an individual

16   replacement cost at the time of certification exceeding the cost limit defined in section (c)(3)."

17      40. PORSCHE intentionally failed to identify all said components in order to

18   reduce the amount of money that PORSCHE spends on warranty-related repairs. If PORSCHE

19   complied with California law and properly identified all parts as high-priced warranted parts

20   that should be identified as such, then PORSCHE dealerships would properly provide

21   warranty coverage for said high-priced warranted parts.

22      41. PORSCHE's conduct violates California's unfair business practices statute,

23   California Business and Professions Code section 17200, et seq. (the "UCL"), and violates the

24   Consumers Legal Remedies Act, Civil Code section 1750, et seq.

25      42. Plaintiffs and other members of the Class have suffered damage as a result of

26   PORSCHE's wrongful conduct.

27   **PLAINTIFFS' CLASS ACTION ALLEGATIONS**

28      43. Plaintiffs re-allege and incorporate by reference each allegation set forth above.

44.     Plaintiffs bring this class action pursuant to Federal Rules of Civil Procedure Rules 23(a), (b)(2) and (b)(3) on behalf of themselves and members of the Class as defined below.

45.     Excluded from the Class are Defendant, and its subsidiaries and affiliates; its current and former officers, directors, and employees (and members of their immediate families); and the legal representatives, heirs, successors or assigns of any of the foregoing.

46.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

47.     Plaintiffs' proposed class consists of and is defined as follows:

> All persons in California who have been owners or lessees of PORSCHE vehicles and who have paid for repairs and parts that should have been covered under PORSCHE's "high-priced warranted parts" 7-year 70,000-mile California emissions warranty (the "Class").

48.     Plaintiffs reserve the right, based on further investigation and discovery, to redefine or expand the Class and/or to add subclasses to include other high-priced warranted parts. Further, per the terms of the warranty book, the "California Emission System Warranties apply to vehicles registered in Arizona, California, Connecticut, Maine, Maryland, Massachusetts, New Jersey, New York, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington." Therefore, Plaintiffs reserve the right to expand the Class or subclass to include the same parts on vehicles registered in states other than California.

49.     As required by Fed. R. Civ. P. 23(a)(2) and (b)(3), there are questions of law and fact common to the Class, and those common questions predominate over any questions affecting only individual members. Among the common questions of law and fact include:

(a)     Whether PORSCHE has failed, and is failing, to comply with the High-Cost Emissions-Related Parts Warranty by failing to provide a 7-year 70,000-mile California emissions warranty for parts that should have been identified by PORSCHE as high-priced warranted parts pursuant to the CCR.

(b)     Whether PORSCHE has failed, and is failing, to identify for consumers and dealerships the all of the parts that should be identified as high-priced warranted

parts, and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty.

(c)   Whether PORSCHE has engaged in, and is engaging in, a systematic business practice of intentionally failing to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty under the CCR.

(d)   Whether PORSCHE has failed, and is failing, to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty in an effort to reduce the amount of money that PORSCHE spends on warranty-related repairs.

(e)   Whether PORSCHE's conduct of failing to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty results in consumers suffering financial loss.

(f)   Whether PORSCHE's conduct of failing to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty results in wrongfully minimizing the amount of money that PORSCHE has to pay out in warranty claims.

(g)   Whether PORSCHE's conduct of failing to identify all of the parts that should be identified as high-priced warranted parts and thus covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty violates California law.

(h)   Whether PORSCHE has engaged in, and is engaging in, unlawful and unfair business practices in violation of California Business & Professions Code section 17200, *et seq.* with regard to PORSCHE's failure to identify all of the high-

1    priced warranted parts that should be covered by the 7-year 70,000-mile

2    California High-Cost Emissions-Related Parts Warranty.

3    (i)    Whether Plaintiffs and Class members are entitled to injunctive relief regarding

4           PORSCHE's failure to identify all of the high-priced warranted parts that should

5           be covered by the 7-year 70,000-mile California High-Cost Emissions-Related

6           Parts Warranty.

7    (j)    The appropriate amount of restitution, or monetary penalties resulting from

8           PORSCHE's violations of California law.

9    (k)    Whether PORSCHE has engaged in, and is engaging, in concealment relating to

10          PORSCHE's failure to identify all of the high-priced warranted parts that should

11          be covered by the 7-year 70,000-mile California High-Cost Emissions-Related

12          Parts Warranty.

13   50.    Numerosity: As required by Fed. R. Civ. P. 23(a)(1), the members of the Class

14   are so numerous that joinder of all Class members would be unfeasible and impractical, and

15   the resolutions of their claims through the procedure of a class action will be of benefit to the

16   Parties and the Court.  The membership of the entire Class is unknown to Plaintiffs at this

17   time; however, the Class is estimated to be greater than one hundred (100) individuals and the

18   identity of such membership is readily ascertainable by inspection of Defendant's records.

19   51.    Typicality: As required by Fed. R. Civ. P. 23(a)(3), Plaintiffs' claims are

20   typical of the claims of all Class members since Plaintiffs and all members of the Class

21   suffered damages as result of Defendant's concealment and wrongful conduct set forth herein.

22   52.    Adequacy: As required by Fed. R. Civ. P. 23(a)(4), Plaintiffs will fairly and

23   adequately protect the interests of the members of the Class. Plaintiffs have no interests

24   adverse or antagonistic to those of the Class and has retained counsel competent and

25   experienced in class action litigation who will zealously prosecute this matter on behalf of the

26   Class to its conclusion

27   53.    Superiority: As required by Fed. R. Civ. P. 23(b)(3), the nature of this action

28   makes the use of class action adjudication superior to other methods. A class action will

achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

54.     Defendant keeps extensive computerized records of its customers. Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

55.     Class certification of Plaintiffs' claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Class.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

56.     PORSCHE has actively engaged in misleading, and dishonest conduct relating to its failure to properly identify all of the parts that should be covered under the 7-year 70,000-mile California emissions warranty. Despite acting diligently, Plaintiffs and the Class cannot be reasonably expected on their own to learn or discover what parts and repairs should be identified as high-priced and covered under the 7-year 70,000-mile California emissions warranty. Therefore, the discovery rule is applicable to the claims asserted by Plaintiffs and members of the Class, and the statute of limitations for bringing the claims set forth herein should be tolled.

57.     PORSCHE has actual and constructive knowledge that it is violating California law by failing to identify a. of the parts that should be designated as high-priced warranted parts, and by failing to provide a 7-year 70,000-mile California emissions warranty relating to said parts. PORSCHE has concealed from Plaintiffs and members of the Class that PORSCHE is violating California law as set forth herein.

58.     Any applicable statute of limitation is tolled by PORSCHE's knowledge, active concealment, and wrongful conduct set forth herein. PORSCHE is further estopped from

1  relying on any statute of limitation because of its concealment set forth herein.

2  **FIRST CLAIM FOR RELIEF**

3  **Violation of California Unfair Competition Law**

4  **(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

5       59.    Plaintiffs re-allege and incorporate by reference each allegation set forth above.

6       60.    California Business and Professions Code section 17200, et seq. (the "UCL")

7  prohibits "any unlawful, unfair or fraudulent business act or practice." PORSCHE has

8  committed acts of unfair competition proscribed by the UCL, including the acts and practices

9  alleged herein.

10       61.    The UCL imposes strict liability. Plaintiffs need not prove that PORSCHE

11  intentionally or negligently engaged in unlawful or unfair business practices – only that such

12  practices occurred.

13       62.    PORSCHE is a "person" as defined by Business & Professions Code § 17201.

14       63.    As a direct and proximate result of PORSCHE's acts and practices in violation

15  of the UCL, Plaintiffs and members of the Class have suffered injury in fact and lost money or

16  property as set forth above and will continue to do so.

17  **<u>Unlawful Prong</u>**

18       64.    A business practice is "unlawful" under the UCL if it is forbidden by law or

19  regulations, including standard of professional conduct.

20       65.    The violation of any law or regulation may serve as the predicate for a violation

21  of the "unlawful" prong of the UCL.

22       66.    PORSCHE failed to comply with the California Emissions Warranty

23  requirements pursuant to the CCR by failing to provide 7-year 70,000-mile warranty coverage

24  for all parts that should be designated by PORSCHE as high priced emissions parts. The

25  California Emissions Warranty applies to all Class Vehicles. 13 CCR 2037(a). Pursuant

26  thereto, manufacturers shall warrant that vehicles conform with the California Air Resources

27  Board regulations, and are free from defects which cause the failure of a warranted part to

28  perform as described in the application for certification, including defects which would cause

the vehicle's on-board diagnostic malfunction indicator to illuminate, for 3 years or 50,000 miles. 13 CCR 2037(b)(1)-(2). The vehicle manufacturer is PORSCHE, which is the manufacturer granted certification for the Class Vehicles. 13 CCR 2035(c)(5). The warranty period shall be 7 years or 70,000 miles for high-priced warranted parts. 13 CCR 2037(b)(3). High-priced parts warranted parts are those parts which, when taking into consideration the cost to diagnose, replace and pay for the failed part, exceed the cost limit defined in 13 CCR 2037(c)(3). PORSCHE has failed to provide 7 year 70,000 mile warranty coverage all parts that PORSCHE should have designated as high priced emissions parts. The failure has resulted in damage to Plaintiffs and members of the Class.

67.    Moreover, while Plaintiffs do not yet know the specific information that PORSCHE did or did not provide to CARB, on information and belief, PORSCHE did not designate all of the parts as high-priced warranted parts that should be covered by the 7-year 70,000-mile California High-Cost Emissions-Related Parts Warranty. Thereby, PORSCHE also was able to avoid identifying all of the parts that PORSCHE should have identified as high priced emissions parts in the warranty books for the Class vehicles, which purport to identify all parts covered under the high priced California emissions warranty for 7-year/70,000 mile California emissions warranty. Thus, PORSCHE's violation of § 2037(c)(1)(B) directly affected communications with consumers. By violating Section 2037(c)(1)(B), PORSCHE was able to avoid disclosing in the warranty books all of the parts that should have been identified as high priced emissions parts, thus saving money by reducing warranty coverage claims.

68.    PORSCHE's acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief.  Plaintiffs also seek attorneys' fees and costs pursuant to, inter alia, C.C.P. § 1021.5.

### Unfair Prong

69.    PORSCHE's conduct violates the unfair prong of the UCL.

70.    An act or practice is unfair if the consumer injury is substantial, is not

outweighed by any countervailing benefits to consumers or to competition and is not an injury the consumers themselves could reasonably have avoided. An act or practice also is unfair if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. An act or practice also is unfair if Plaintiffs' claims are "tethered" to specific constitutional, statutory or regulatory provisions.  PORSCHE's conduct violates all of these definitions.

71.     As alleged above, PORSCHE engages and has engaged in a systematic business practice of intentionally failing to identify in the PORSCHE warranty book at the time of distribution, and in resources provided to its dealerships, numerous parts that PORSCHE is obligated to identify as high-priced warranted parts by operation of law. PORSCHE does this in an effort to reduce the amount of money that PORSCHE spends on warranty-related repairs knowing that it would be very difficult if not impossible for most consumers to discover this unlawful conduct. If PORSCHE complied with California law, then PORSCHE dealerships would properly provide warranty coverage for said high-priced warranted parts.

72.     Further, PORSCHE's conduct is unfair because it intentionally refuses to provide warranty coverage for the sole purpose of wrongfully limiting its warranty claims, with no regard for the fact that the public is being forced to pay for repairs which should be covered under the 7-year 70,000-mile California emissions warranty. Plaintiffs and members of the Class have suffered injury in fact and lost money or property as a result of PORSCHE's unfair business acts and practices as set forth in detail.

73.     PORSCHE's failure to properly identify all parts as high-priced warranted parts that should be identified as such, is a uniform, systematic, and intentional business practice on the part of PORSCHE to minimize the amount of money that PORSCHE has to pay out in warranty claims. This conduct violates California law.

74.     As a direct and proximate result of PORSCHE's acts and practices in violation of the UCL, Plaintiffs and members of the Class have paid out of pocket to pay for repairs that should have been covered under the 7-year 70,000-mile California emissions warranty. Forcing consumers to pay out of pocket to repair or replace vehicle components that should be

1  covered under warranty is clearly unfair.

2      75.    PORSCHE's conduct does not benefit consumers or competition. Plaintiffs and

3  members of the Class could not reasonably avoid the injury each of them suffered or will

4  suffer, which injury is substantial. PORSCHE's conduct only benefits PORSCHE, by

5  PORSCHE wrongfully avoiding having to pay warranty claims which should be covered by

6  the 7-year 70,000-mile California emissions warranty.

7      76.    The gravity of the consequences of PORSCHE's conduct as described above

8  outweighs the justification, motive or reason therefor, is immoral, unethical and unscrupulous.

9      77.    PORSCHE's conduct also offends established public policy that is tethered to

10  legislatively declared policies as set forth in the laws detailed above, including California laws

11  and regulations regarding California's Emission Control System Warranty Requirements, or is

12  substantially injurious to the public, for the reasons set forth above.

13      78.    To the extent that any definition of "unfair" requires a balancing test or

14  weighing various factors, such an inquiry is fact intensive and requires a full factual record as

15  to PORSCHE's justification and motives for its conduct, and as to the impact of PORSCHE's

16  conduct on Plaintiffs and Class members.

17      79.    PORSCHE's acts of unfair competition as set forth above present a continuing

18  threat and will persist and continue to do so unless and until this Court issues appropriate

19  injunctive relief.  Plaintiffs also seek attorneys' fees and costs pursuant to, inter alia, C.C.P. §

20  1021.5.

21                              **Deceptive Prong**

22      80.    Plaintiffs' claim under this prong is predicated on omissions, not

23  misrepresentations. While the warranty booklet for Class Vehicles claims to identify all of the

24  parts covered under the 7-year 70,000-mile California emissions warranty, the warranty book

25  omits parts that that should have been listed as covered by the high-priced emissions warranty.

26      81.    PORSCHE engages in a uniform and systematic business practice of

27  intentionally failing to identify in the PORSCHE warranty book, and in resources provided to

28  its dealerships, all of the parts that should be identified as high-priced warranted parts.

PORSCHE does this in an effort to intentionally conceal the identity of the parts which should be covered under the 7-year 70,000-mile California emissions warranty for high-priced emissions parts, to intentionally mislead consumers with regard to what parts are covered under the 7-year 70,000-mile California emissions warranty for high-priced parts, and to reduce the amount of money that PORSCHE spends on warranty-related repairs. As warranted parts necessary for the operation of the vehicles, the parts that PORSCHE failed to properly identify as high-priced relate to the central functionality of the vehicles and are critical to the vehicles' operation. If PORSCHE complied with California law, and properly identified all parts as high-priced warranted parts which should be identified as such, then PORSCHE dealerships would properly provide warranty coverage for said high-priced warranted parts.

82.     PORSCHE's wrongful conduct is a systematic and intentional business practice on the part of PORSCHE to minimize the amount of money that PORSCHE has to pay out in warranty claims. This conduct violates California law.

83.     Said conduct is likely to deceive an ordinary consumer as PORSCHE concealed this information from consumers and from PORSCHE's dealerships, in an effort by PORSCHE to minimize the amount of money that PORSCHE has to pay out in warranty claims. One of the ways PORSCHE misleads consumers relates to the information that PORSCHE provides to consumers in the PORSCHE warranty book. PORSCHE intentionally omits information from the warranty book by intentionally failing to classify all of the high-priced warranted parts as parts that should be covered under the 7-year 70,000-mile California emissions warranty.

84.     In evaluating the repair costs to be charged, Plaintiffs justifiably relied on the information in the warranty booklet about parts that should be covered under the high-priced emissions warranty and was deceived and suffered damage as a result of PORSCHE's intentional and wrongful conduct.

85.     PORSCHE is and was further under a duty to disclose to consumers and to its dealerships all of the parts which it is required to cover under the 7-year 70,000-mile California emissions warranty because:

(1)     PORSCHE is and was in a superior position to know the true state of facts about the duration of the 7-year 70,000-mile California emissions warranty and which parts should be covered as high-priced warranted parts;

(2)     PORSCHE has made partial disclosures about the extent of the 7-year 70,000-mile California emissions warranty;

(3)     PORSCHE has actively concealed and failed to identify all of the parts that are covered under the 7-year 70,000-mile California emissions warranty; and,

(4)     Members of the Class, including Plaintiffs, have suffered actual loss due to PORSCHE's concealment and false representations.

86.     The facts concealed and not disclosed by PORSCHE to Plaintiffs and members of the Class are material. Had Plaintiffs and members of the Class known the true extent of the 7-year 70,000-mile California emissions warranty, and had PORSCHE been truthful to its dealerships and members of the Class with regard to identifying all of the parts and repairs that are covered under the 7-year 70,000-mile California emissions warranty, Plaintiffs and members of the Class would have been able to avoid spending money in order to repair PORSCHE vehicles sold and leased in California. As a result, Plaintiffs and members of the Class have suffered damage.

87.     Furthermore, PORSCHE has refused to, and continues to refuse to provide 7-year 70,000-mile California emissions warranty coverage relating to all repairs which should be covered under said warranty pursuant to California law. This refusal is intentional, willful, unfair, and unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against PORSCHE as follows:

1.     Plaintiffs, on behalf of themselves and members of the Class, requests that the Court enter judgment against PORSCHE as follows:

(a)     An order certifying the proposed Class designating Plaintiffs as named representatives of the Class, and designating the Plaintiffs' Counsel as Class Counsel;

(b)     A declaration that PORSCHE is financially responsible for notifying all Class members about the wrongful conduct set forth herein;

(c)     An order enjoining PORSCHE from further deceptive distribution, sales, and lease practices, and to reimburse both Plaintiffs and the Class for the money wrongfully paid by Plaintiffs and members of the Class relating to repairs which should have been covered by PORSCHE under the 7-year 70,000-mile California emissions warranty;

(d)     An award to Plaintiffs and members of the Class of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(e)     An award to Plaintiffs and members of the Class of any repair costs they are owed;

(f)     A declaration that PORSCHE must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received as a result of the wrongful conduct set forth herein, or make full restitution to Plaintiffs and members of the Class;

(g)     An award of attorneys' fees and costs, as allowed by law;

(h)     An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(i)     An award of pre-judgment and post-judgment interest;

(j)     Leave to amend the Complaint to conform to the evidence produced at trial; and

(k)     Other relief as may be appropriate under the circumstances.

## __DEMAND FOR JURY TRIAL__

Pursuant to Federal Rules of Civil Procure, Rule 38(b), Plaintiffs hereby demand a trial by jury as to all claims so triable.


Dated: July 14, 2021                                    Respectfully submitted,

**THE LAW OFFICE OF ROBERT STARR**


By:  /s/ Robert Starr
          Attorney for Plaintiffs