Amir Nassihi (SBN 235936)
anassihi@shb.com
Andrew L. Chang (SBN 222309)
achang@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Michael L. Mallow (SBN 188745)
mmallow@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, CA 90067-3204
Tel: (424) 285-8330 | Fax:  (424) 204-9093

Attorneys for Defendant
PORSCHE CARS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FERRY and MOANA HANA FERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORSCHE CARS NORTH AMERICA, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-05715-GW-AS<br><br>Assigned to: Hon. George H. Wu<br><br>**DEFENDANT PORSCHE'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:  March 7, 2022<br>Time: 8:30 a.m.<br>Dept.: Courtroom 9D, 9th Floor<br><br>First Amended Complaint Filed: November 18, 2021 |

# TABLE OF CONTENTS

Page No.

INTRODUCTION ........................................................................................................1

ARGUMENT ..............................................................................................................2

I.      Rule 9(b)'s Heightened Pleading Requirements Apply Here. ..................2

II.     Plaintiffs Fail to Allege a Plausible Basis for Liability. ...........................3

        A.      Alleging the pump was "defective" is conclusory at most, not plausible. ..........................................................................................4

        B.      Plaintiffs' allegations of the timing of the repair are conclusory and an improper effort to avoid a statute of limitations challenge. .......5

        C.      Plaintiffs fail to plausibly allege that the pump was "high-cost" at the time of CARB certification, or that Porsche knew that. ...........7

        D.      Plaintiffs fail to plausibly allege that the pump was an emissions part at the time of CARB certification, or that Porsche knew that. 9

III.    Plaintiffs Fail to Allege they Lack an Adequate Remedy at Law. .........12

        A.      Plaintiffs fail to distinguish *Sonner*. ...........................................12

        B.      Plaintiffs fail to plead a basis for future injunctive relief. ............16

CONCLUSION..........................................................................................................20

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

**Cases**

5
*Adams v. Cole Haan, LLC*,
6
    No. 8:20-CV-00913-JWH-DFMx, 2021 WL 4907248 (C.D. Cal. Mar.
    1, 2021) .................................................................................................... 14

7
*Audrey Heredia v. Sunrise Senior Living LLC*,
8
    No. 8:18-cv-01974-JLS-JDE, 2021 WL 819159 (C.D. Cal. Feb. 10,
    2021) ........................................................................................................ 14

9

10
*Boris v. Wal-Mart Stores, Inc.*,
    35 F. Supp. 3d 1163, 1172 (C.D. Cal. 2014), aff'd, 649 F. App'x 424
11
    (9th Cir. 2016) ......................................................................................... 19

12
*Boumaiz v. Charter Commc'ns LLC*,
13
    No. 2:19-CV-06997-JLS-ADS, 2021 WL 2189481 (C.D. Cal. May 19,
    2021) .......................................................................................................... 6
14

15
*Burns v. City of Concord*,
16
    No. 3:14-CV-00535-LB, 2016 WL 1072095 (N.D. Cal. Mar. 17,
    2016) ........................................................................................................ 10

17
*Clark v. Am. Honda Motor Co.*,
18
    528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021) ........................................ 17

19
*Clemens v. DaimlerChrysler Corp.*,
20
    534 F.3d 1017 (9th Cir. 2008) ................................................................ 11

21
*Combs v. Int'l Ins. Co.*,
22
    354 F.3d 568 (6th Cir. 2004) .................................................................. 11

23
*Consumer Advocs. v. DaimlerChrysler Corp.*,
24
    No. G029811, 2005 WL 327053 (Cal. Ct. App. Jan. 31, 2005) .............. 20

25
*Cooper v. Simpson Strong-Tie Co., Inc.*,
26
    460 F. Supp. 3d 894, 918–19 .................................................................... 6

27
*Curtis v. Irwin Indus., Inc.*,
    913 F.3d 1146 (9th Cir. 2019) ................................................................ 11

28

*Davidson v. Apple, Inc.*,
    No. 5:16-cv-04942-LHK, 2017 WL 3149305 (N.D. Cal. July 25,
    2017) ........................................................................................................... 11, 17, 18

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ........................................................................ 17, 18, 19

*Day & Zimmermann, Inc. v. Challoner*,
    423 U.S. 3 (1975) ........................................................................................................... 11

*Del Webb Communities Inc. v. Partington*,
    652 F.3d 1145 (9th Cir. 2011) ...................................................................................... 11

*Drake v. Toyota Motor Corp.*,
    No. 2:20-CV-01421-SB-PLA, 2021 WL 2024860 (C.D. Cal. May 17,
    2021) ........................................................................................................................... 16

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (1990) ........................................................................................................ 4

*Elizabeth M. Byrnes, Inc. v. Fountainhead Com. Cap.*,
    LLC, 2:20-cv-04149-DDP-RAO, 2021 WL 5507225 (C.D. Cal. Nov.
    24, 2021) ...................................................................................................................... 14

*Franklin v. Gwinnett Cty. Pub. Sch.*,
    503 U.S. 60 (1992) ........................................................................................................ 13

*Garrison v. Oracle Corp.*,
    159 F. Supp. 3d 1044, 1073 (N.D. Cal. 2016) ............................................................... 3

*Gomez v. Vernon*,
    255 F.3d 1118 (9th Cir. 2001) ...................................................................................... 19

*Gutierrez v. Johnson & Johnson Consumer Inc.*,
    No. 3:19-cv-01345-TWR-AGS, 2021 WL 822721 (S.D. Cal. Jan. 22,
    2021) ............................................................................................................................. 3

*Guzman v. Polaris Indus. Inc.*,
    No. 8:19-cv-01543-FLA (KESx), 2021 WL 2021454, at *11 (C.D.
    Cal. May 12, 2021) ....................................................................................................... 13

*Haas v. Travelex Ins. Servs. Inc.*,
    No. 2:20-cv-06171-ODW-PLA, 2021 WL 3682309 (C.D. Cal. Aug.
    19, 2021) .................................................................................................................. 15, 16

*Hazdovac v. Mercedes-Benz USA, LLC*,
   No. 3:20-cv-00377-RS, 2020 WL 12044146 (N.D. Cal. Sept. 16,2020).........*passim*

*Home Valu, Inc. v. Pep Boys*,
   213 F.3d 960 (7th Cir. 2000) ................................................................ 10

*In re California Gasoline Spot Mkt. Antitrust Litig.*,
   No. 3:20-cv-03131-JSC, 2021 WL 1176645 (N.D. Cal. Mar. 29, 2021)............... 14

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*,
   483 F. Supp. 3d 838, 848-49 (C.D. Cal. 2020) ........................................ 12

*Johnson v. Glock, Inc.*,
   No. 3:20- CV-08807-WHO, 2021 WL 428635 (N.D. Cal. Feb. 8,
   2021) .................................................................................................. 18

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................... 2, 3

*Lisner v. Sparc Grp. LLC*,
   No. 2:21-CV-05713-AB, 2021 WL 6284158 (C.D. Cal. Dec. 29,
   2021) .................................................................................................. 16

*Madani v. Volkswagen Grp. of Am., Inc.*,
   No. 4:17-cv-07287-HSG, 2019 WL 3753433 (N.D. Cal. Aug. 8, 2019)
   (Gilliam, J.)......................................................................................... 15

*Manzo v. Energizer Holdings, Inc.*,
   No. 2:19-cv-02844-DMG-AS, 2020 WL 5898976 (C.D. Cal. July 17,
   2020) .................................................................................................... 8

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ...................................................... 3, 14, 15

*Neu v. Terminix Int'l, Inc.*,
   No. 4:07-cv-06472-CW, 2008 WL 2951390 (N.D. Cal. July 24, 2008).................. 7

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)............................................................................ 13

*Princess Cruise Lines, Ltd. v. Superior Court*,
   179 Cal. App. 4th 36 (2009) ................................................................ 19

*Schertz v. Ford Motor Co.,*
   No. 2:20-cv-03221-TJH-PVC, 2020 WL 5919731 (C.D. Cal. July 27,
   2020) ............................................................................................................. 17

*Schroeder v. United States,*
   569 F.3d 956 (9th Cir. 2009) ..................................................................... 13

*Sharma v. Volkswagen AG,*
   524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) .............................................. 14

*Shay v. Apple Inc.,*
   No. 3:20-cv-01629-JO-BLM, 2021 WL 1733385 (S.D. Cal. May 3,
   2021) ..................................................................................................... 14, 15

*Sonner v. Premier Nutrition Corp.,*
   971 F.3d 834 (9th Cir. 2020) ............................................................. *passim*

*Sonneveldt v. Mazda Motor of Am., Inc.,*
   No. 8:19-cv-01298-JLS-KES, 2021 WL 62502 (C.D. Cal. Jan. 4,
   2021) ............................................................................................................. 17

*Stewart v. Kodiak Cakes, LLC,*
   537 F. Supp. 3d 1103, 1132 (S.D. Cal. 2021) ............................................. 3

*Svensrud v. Frito-Lay N. Am., Inc.,*
   No. 8:20-cv-00714-JLS-DFM, 2020 WL 8575056 (C.D. Cal. Dec. 21,
   2020) ............................................................................................................. 17

*Ticknor v. Choice Hotels Int'l, Inc.,*
   265 F.3d 931 (9th Cir. 2001) ..................................................................... 10

*Velasco v. Chrysler Grp. LLC,*
   No. 2:13-cv-08080-DDP-VBK ................................................. 9, 10, 11, 12

*Werwinski v. Ford Motor Co.,*
   286 F.3d 661 (3d Cir. 2002) ...................................................................... 10

*Williams v. Apple, Inc.,*
   449 F. Supp. 3d 892, 911 (N.D. Cal. 2020) ................................................ 5

*Williams v. Apple, Inc.,*
   No. 19-CV-04700-LHK, 2020 WL 1492718 (N.D. Cal. Mar. 27,
   2020) ............................................................................................................. 18

*Williams v. Tesla, Inc.*,
   No. 4:20-cv-08208-HSG, 2021 WL 2531177 (N.D. Cal. June 21,
   2021) (Gilliam, J.) .................................................................................. 15

*Wu v. iTalk Glob. Commc'ns, Inc.*,
   No. 2:20-cv-07150-PSG-PJW, 2021 WL 5176799 (C.D. Cal. Feb. 2,
   2021) ......................................................................................................... 13

*Zaback v. Kellogg Sales Co.*,
   No. 3:20-cv-00268-BEN-MSB, 2020 WL 6381987 (S.D. Cal. Oct. 29,
   2020) ......................................................................................................... 16

**Rules**

Federal Rule of Civil Procedure 8 ..................................................... 1, 10, 20

Federal Rule of Civil Procedure 9(b) ........................................................ *passim*

**Other Authorities**

13 C.C.R. § 2037(b)(3), (c) ........................................................................... 4

13 C.C.R. § 2041 ......................................................................................... 18

15 C.C.R. § 2035(c)(2)(B) ............................................................................. 9

15 C.C.R. §§ 2037(c)(1)(B), (c)(5) ............................................................... 7

# INTRODUCTION

In their effort to avoid dismissal, Plaintiffs misstate the law, misstate their own claims and allegations, and repeatedly rely on unalleged facts and information.

Foundationally, to avoid the requirements of Rule 9(b), Plaintiffs misstate their allegations and rely on inconclusive dicta rather than binding Ninth Circuit authority.

Regardless, Plaintiffs fail to show they have alleged a plausible claim for relief under either Rule 8 or Rule 9. Even if the coolant pump at issue should have been covered by a mandatory emissions warranty, they concede that only certain defects ("in material and workmanship") would raise any obligation under that duty. But they do not allege defects in material and workmanship, instead relying solely on a conclusory allegation that the pump was defective in some way at some unidentified point in time.

Plaintiffs' failure to allege basic and fundamental timing facts necessary to establish a viable claim independently warrants dismissal. Their vague and conclusory arguments – that they purportedly sought repair within the warranty period and that the statute of limitations has been tolled – are based on equally vague and conclusory allegations. Without allegations of relevant facts (rather than mere conclusions), Porsche cannot adequately defend against, and this Court cannot fairly evaluate, the timeliness of Plaintiffs' claim.

Plaintiffs' attempt to justify the insufficiency of their allegations that Porsche intentionally failed to identify the coolant pump as a "high-priced emissions warranty part" when the vehicle was certified by CARB also fall flat. Necessary timing allegations, which Plaintiffs avoid, are central to their arguments about the cost of the pump, and their attenuated argument that it is an emissions warranty part cannot be supported by the unidentified substance of an unalleged "CARB Declaration."

Finally, to seek equitable relief, Plaintiffs argue they lack an adequate remedy at law because they did not assert such a claim. But Plaintiffs' deliberate choice to avoid asserting a legal claim does not mean they lacked one, nor does it create standing.

Plaintiffs' complaint should be dismissed.

**ARGUMENT**

**I. Rule 9(b)'s Heightened Pleading Requirements Apply Here.**

Plaintiffs argue that fraud is not a "required element" of their claim and so Rule 9(b)'s particularity requirements do not apply. Opp. (Dkt. 30) at 12-13. But Plaintiffs' own allegations make clear that is not the case. *See, e.g.,* FAC, ¶¶ 15 (alleging Porsche "has engaged in a systematic business practice of omitting … all of the parts that should be identified as emissions related warranty parts" from "warranty booklets to owners" and "resources provided…to its dealerships"), 19 (alleging if Porsche had "properly identified all of the warranted parts," then "dealerships would properly provide coverage…under warranty), 40 (alleging Porsche "intentionally failed to identify all said components"), 61 (alleging Porsche "has actively engaged in misleading, and dishonest conduct…"), 73 (alleging Porsche "did not designate all of the parts as high-priced warranted parts that should be covered" and thereby "able to avoid identifying all of the parts that [Porsche] should have identified as high-priced emissions parts in the warranty books," which "directly affected communications with consumers"), 77 (alleging Porsche engages "in a systematic business practice of intentionally failing to identify in the [Porsche] warranty book … and in resources provided to its dealerships, numerous parts that [Porsche] is obligated to identify…"). The contortions of Plaintiffs' argument illustrate that alleged fraud forms the basis of their claims: they recognize they "allege a failure to disclose" because "**that is the predicate to Plaintiffs' unlawful claim**…and explains how Porsche violated the warranty requirements." Opp. (Dk. 30) at 12 (emphasis added); *see also id.* at 2 ("This is an omissions case. Porsche should have classified the coolant pump in Class Vehicles as a high-priced warranted part and identified it in the warranty books for the Class Vehicles").

In a case under the UCL, as here, the Ninth Circuit has held that even if a claim may not necessarily require fraud as a necessary element, "a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). And if a plaintiff does allege "a unified course of

fraudulent conduct," then "the pleading of that claim as a *whole* must satisfy the particularity requirements of Rule 9(b)." *Id.* at 1127 (emphasis in original) (citation omitted). Plaintiffs' reliance on hypothetical dicta in a footnote from *Moore v. Mars Petcare US, Inc.* is misplaced. 966 F.3d 1007, 1019 n.11 (9th Cir. 2020) (noting Rule 9(b) requirements "may not even be necessary" but "Plaintiffs did not raise this argument in their briefing, so we do not decide this issue at this stage"); *see also Gutierrez v. Johnson & Johnson Consumer Inc.*, No. 3:19-cv-01345-TWR-AGS, 2021 WL 822721, at *4 n.1 (S.D. Cal. Jan. 22, 2021) (rejecting Plaintiffs' reliance on this dicta from *Moore* that only "contemplates a *possibility*") (emphasis in original); *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1132 (S.D. Cal. 2021) (rejecting plaintiffs' reliance on footnote in *Moore*, stating "[r]egardless of whether Plaintiffs' causes of action require pleading fraud, Plaintiffs allege Defendant engaged in a fraudulent course of conduct, which triggers Rule 9(b)"). Even authorities on which Plaintiffs otherwise rely agree that Rule 9(b) applies here. *See, e.g., Hazdovac v. Mercedes-Benz USA, LLC*, No. 3:20-cv-00377-RS, 2020 WL 12044146, at *3 n.5 (N.D. Cal. Sept. 16, 2020).

Further, Plaintiffs seek to avoid the statute of limitations based on purported fraudulent concealment, and have the burden of pleading such concealment with particularity on that basis alone. FAC ¶ 64 ("Any applicable statute of limitation is tolled by [Porsche's] knowledge, **active concealment**, and wrongful conduct…") (emphasis added); *Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1073 (N.D. Cal. 2016).

## II.   Plaintiffs Fail to Allege a Plausible Basis for Liability.

Plaintiffs do not challenge the facts Porsche identified as essential for their theory of liability: 1) that the coolant pump suffered from a defect in materials or workmanship; 2) that they timely sought repair; 3) that the pump was actually "high cost" at the time Porsche sought CARB certification, and Porsche knew that; and 4) that the pump was an emissions part at the time of certification, and Porsche knew that. *See, e.g.,* Opp. (Dkt. 30) at 13. But Plaintiffs' attempts to show these facts have been plausibly alleged fail.

**A.      Alleging the pump was "defective" is conclusory at most, not plausible.**

Even assuming the pump had been plausibly alleged to be a high-priced emissions-warranty part (which Porsche disputes as discussed below), Plaintiffs would not automatically have been entitled to warranty coverage. In addition to temporal limits (also discussed below), any mandatory warranty would necessarily be limited to "defects in ***materials and workmanship*** which cause the failure of a warranted part." 13 C.C.R. § 2037(b)(3), (c) (emphasis added).

As discussed in Porsche's moving brief, Plaintiffs fail to allege in what way the pump was defective, only stating it was, and that is further insufficient because California law establishes a product may be defective for reasons that have nothing to do with materials or workmanship. Opening Br. (Dkt. 28-1) at 7 (*citing, e.g., Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1023 (N.D. Cal. 2020)). In response, Plaintiffs simply regurgitate their allegations, none of which set forth actual facts about the nature of the alleged defect, and do not even use the phrase "materials or workmanship." Plaintiffs neither cite authority to support their argument, nor do they respond to Porsche's authority.

Plaintiffs go so far as to argue that the Court should find their allegations about defects "in materials or workmanship" sufficient because "the entire premise of [their] FAC is that the defect giving rise to this litigation is the type covered by" California regulations. Opp. at 5-6. In other words, Plaintiffs argue that by merely seeking warranty coverage, they have sufficiently alleged facts to establish that warranty coverage. That is not the law. At most, Plaintiffs' allegations are precisely the type of "legal conclusions" and "threadbare recitals of a cause of action" that this Court must reject in reviewing pleadings for plausibility. *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996, 998 (1990) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).)

1
2

    **B.**    **Plaintiffs' allegations of the timing of the repair are conclusory and an improper effort to avoid a statute of limitations challenge.**

3
4
5
6
7
8

    Similarly, solely in a footnote, Plaintiffs rest on an entirely conclusory allegation that they presented their vehicle for repair "prior to the end of the 7-year 70,000-mile … warranty period." Opp. at 5 n.2 (*citing* FAC ¶ 37). This is a conclusory allegation that this Court must reject, as discussed above. Further, Plaintiffs make clear that the failure to allege actual, specific, and necessary dates is a transparent effort to avoid a statute of limitations challenge. *Id.*

9
10
11
12
13
14
15
16
17
18
19

    Where, as here, there is some indication that a plaintiff's claims may fall outside the statute of limitations, federal courts have held that it is appropriate at the motion to dismiss stage "to ensure that plaintiff at minimum has pled that his claims are timely." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 911 (N.D. Cal. 2020) (*quoting Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 882-83 (N.D. Cal. 2019)). Because it appears Plaintiffs' claim may be time barred, failing to allege necessary timing facts of their claim fails to "satisfy Rule 9(b)" and Plaintiffs must plead their claim "with greater specificity in order that the Court may fairly evaluate the question of timeliness." *Id.* at 912 (*quoting Beasley*, 374 F. Supp. 3d at 882). Otherwise, the FAC's allegations "are insufficient to allow [Porsche] to defend against the charge and not just deny that they have done anything wrong." *Id.* (cleaned up; citations omitted).

20
21
22
23

    Plaintiffs cannot avoid their pleading obligation based on conclusory allegations that they "subsequently discovered that the coolant pump should have been covered under the 7-year 70,000-mile warranty, and took action within the appropriate time period after discovery." FAC ¶ 62. To the contrary:

24
25
26
27
28

    In California, in order to establish fraudulent concealment so as to toll the statute of limitations, "the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321, 114 Cal.Rptr. 171

(1974) (citing *Kimball v. Pacific Gas & Elec. Co.*, 220 Cal. 203, 215, 30 P.2d 39 (1934)); *see also Raifman v. Wachovia Secs*, 649 Fed. Appx. 611, 613 (9th Cir. 2016) ("**To take advantage of the discovery rule, a plaintiff must 'specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'**") (quoting *Grisham v. Philip Morris, USA, Inc.*, 40 Cal. 4th 623, 638, 54 Cal.Rptr.3d 735, 151 P.3d 1151 (2007)).

*Cooper v. Simpson Strong-Tie Co., Inc.*, 460 F. Supp. 3d 894, 918–19 (emphasis added).

Here, Plaintiffs concede Porsche identified the list of components covered by the extended emissions warranty in the warranty book for his vehicle, and that list did not include the coolant pump. *See, e.g.,* FAC ¶ 22; Opp. (Dkt. 30) at 2. Plaintiffs further allege they were "wrongfully denied warranty coverage" at the unspecified date they sought repair for the coolant pump and argue that, as a result, they "initially paid … $1,179.78 to replace [that] failed coolant pump in their Vehicle." *See, e.g.,* FAC ¶ 44; Opp. (Dkt. 30) at 5. Based on their own theory of liability, Plaintiffs were on inquiry notice of the facts giving rise to their claim either: 1) on the unalleged date they purchased their vehicle and were given the warranty book that did not list the coolant pump in the extended emissions-warranty list, or 2) no later than the unalleged date when they were denied warranty coverage and required to pay an amount they claim establishes the pump should have been covered as a high-priced emissions warranty part.

This action was initially filed on July 14, 2021 (Dkt. 1) and the statute of limitations for a UCL claim is four years; therefore, any claim arising before July 14, 2017 would be untimely on its face. *See Boumaiz v. Charter Commc'ns LLC*, No. 2:19-CV-06997-JLS-ADS, 2021 WL 2189481, at *4 (C.D. Cal. May 19, 2021). Given Plaintiffs' vehicle is a 2011 model year and the class extends to 2011 model-year vehicles, the following hypotheticals illustrate why timing allegations are necessary here:

1) If a consumer purchased a 2011 model-year Class Vehicle on January 1, 2011, the California extended emissions warranty would have expired no later than

January 1, 2018. Any consumer who was denied warranty coverage for a coolant-pump repair after January 1, 2018 would necessarily have no claim.

2) If that same consumer was denied warranty coverage on or before July 14, 2017,[1] then that consumer's UCL claim would necessarily be barred by the statute of limitations.

Plaintiffs cannot preclude Porsche and this Court from resolving these potentially dispositive issues at the pleading stage by steadfastly refusing to allege when they purchased their Class Vehicle and were allegedly denied warranty coverage.

**C.      Plaintiffs fail to plausibly allege that the pump was "high-cost" at the time of CARB certification, or that Porsche knew that.**

To establish that Porsche wrongfully excluded the coolant pump from the list of high-priced emissions warranty parts, Plaintiffs were required to plausibly allege that Porsche was aware that the pump had a sufficiently high "individual replacement cost *at the time of certification*" based on "estimated retail parts" and labor costs for replacement at that time. 15 C.C.R. §§ 2037(c)(1)(B), (c)(5). Plaintiffs ignore the appropriate inquiry – Porsche's knowledge at the time – and ignore Porsche's authority establishing that such knowledge cannot be based solely on hindsight. Mot. (Dkt. 28-1) at 9 (citing *Genna v. Digital Link Corp.*, 25 F. Supp. 2d 1032, 1043 (N.D. Cal. 1997) ("Particularity in pleading is required to preclude plaintiffs from bringing lawsuits based solely upon hindsight…."); *Neu v. Terminix Int'l, Inc.*, 4:07-cv-06472-CW, 2008 WL 2951390, at *3 (N.D. Cal. July 24, 2008) (dismissing a UCL claim because the plaintiff failed "sufficiently to allege that Defendants knew their terminate prevention plan to be faulty at the time the statements were made").

---

[1] These examples are illustrative only. Porsche reserves the right to argue that Plaintiffs' and putative class members' claims regarding warranty coverage accrued before they were denied warranty coverage, including the date they purchased their vehicles and were provided warranty documents that did not list the coolant pump as a part covered by the extended emissions warranty.

1    Ignoring the fact that the cost analysis must necessarily be based on a

2    manufacturer's *estimates* of costs at the time of certification, Plaintiffs incorrectly argue

3    that they need not allege Porsche knew or should have known the costs exceeded the

4    relevant limit at the time of certification. Opp. (Dkt. 30) at 13-14. But if Plaintiffs cannot

5    establish that Porsche had no basis to believe the estimated replacement costs would

6    exceed the applicable limit at the time of certification, then Plaintiffs cannot establish

7    that Porsche unlawfully violated the regulatory requirements at all, much less that it

8    "intentionally" omitted the pump from coverage, which is the basis for their UCL claim.

9    *See* FAC ¶¶ 35, 38, 40, 54, 77–79 (repeatedly alleging Porsche's omission was

10   "intentional"); *see also Manzo v. Energizer Holdings, Inc.*, No. 2:19-cv-02844-DMG-

11   AS, 2020 WL 5898976, at *2 (C.D. Cal. July 17, 2020) ("To state UCL and CLRA

12   claims predicated on an omission theory, a plaintiff must also plead facts showing 'that

13   the manufacturer knew of the defect at the time a sale was made'") (citation omitted).

14   Even if Porsche's knowledge were not a necessary element of their omission-

15   based UCL claim, Plaintiffs do not dispute that they were required to allege the

16   replacement costs exceeded the applicable limit at the time of certification. But to do

17   so, Plaintiffs rely solely on allegations purporting to work backward in time. Even if

18   this were a proper method under some alleged circumstances, Plaintiffs' refusal to

19   allege fundamental facts, including timing, dooms this effort.

20   For example, as Porsche discussed regarding *Gibson v. Jaguar Land Rover N.*

21   *Am.*, the court relied on allegations that a fuel pump was identified as a "high-priced"

22   part in one year and not in the next, and that labor costs had allegedly only increased

23   since the immediately preceding year. Mot. (Dkt. 28-1) at 10–11. Similarly, Plaintiffs'

24   only authority in support of this analysis – *Hazdovac v. Mercedes-Benz USA, LLC* –

25   relied on allegations of actual costs incurred close in time (only three-to-four years

26   removed) to CARB certification, as well as the allegation that at least one relevant part

27   had been designated "high-priced" within that same time period. No. 20-CV-00377-RS,

28   2020 WL 12044146, at *2–3 (N.D. Cal. Sept. 16, 2020).

In contrast, here, Plaintiffs have failed to allege that a coolant pump has ever been identified as a high-priced warranty item – by Porsche, CARB, or any other entity – during any relevant time period, fail to allege when Plaintiffs purportedly incurred the repair cost they allegedly paid, and even fail to allege facts showing that the undated $1,179.78 repair cost they allegedly paid was solely for replacing the coolant pump. The allegations relied on by the courts in *Gibson* and *Hazdovac* are not present here.

> **D.   Plaintiffs fail to plausibly allege that the pump was an emissions part at the time of CARB certification, or that Porsche knew that.**

As discussed, Plaintiffs' UCL claim is premised on the theory that Porsche "intentionally omitted" the coolant pump from the high-priced emissions-part warranty. To pursue that theory, Plaintiffs must also plausibly allege the coolant pump is a part "which affects any regulated emission from a motor vehicle or engine" (15 C.C.R. § 2035(c)(2)(B)) and that Porsche knew the pump should be included within that category of parts at the time of CARB certification.

As above, Plaintiffs again ignore that their theory of liability requires them to plausibly allege Porsche was aware at the time of certification that the coolant pump should be considered an emissions part. Plaintiffs do not dispute that there is no allegation that any entity with expertise in the automotive industry (or, indeed, any entity at all) has identified a coolant pump as an emissions-affecting part. Instead, Plaintiffs ask this Court to accept their (at best) allegations of an attenuated chain of indirect causation involving multiple components, an analysis rejected by *Velasco v. Chrysler Grp. LLC*, No. 2:13-cv-08080-DDP-VBK, 2014 WL 4187796, at *13 (C.D. Cal. Aug. 22, 2014). Apparently recognizing the defects in their theory, Plaintiffs also argue that an unalleged and undescribed "CARB Declaration" purportedly "confirms Plaintiffs' understanding of the requirements of the California Emissions Warranty." Opp. (Dkt. 30) at 12 n. 5.

Of course, Porsche need not respond to the unalleged content of a purported declaration that purportedly attempts to tell unidentified Courts how to read and apply law to facts.

Putting aside that purported declaration, Plaintiffs ask this Court to reject the reasoning in *Velasco* and instead follow *Hazdovac*. Porsche submits that this Court should instead follow *Velasco* because it is more consistent with the requirements of alleging a plausible claim under Rule 8 – plausibility does not exist if a claim has "an obvious legal alternative explanation" – and with the limited role of federal courts when interpreting liability under state law. *Burns v. City of Concord*, No. 3:14-CV-00535-LB, 2016 WL 1072095, at *7 (N.D. Cal. Mar. 17, 2016) (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)); *Ticknor v. Choice Hotels Int'l, Inc*., 265 F.3d 931, 939 (9th Cir. 2001) ("In analyzing state law in diversity cases, we must take the law as we find it—not how we might imagine that it might or should evolve"); *Werwinski v. Ford Motor Co*., 286 F.3d 661, 680 (3d Cir. 2002) ("[E]ven if we were torn between two competing yet sensible interpretations, … we should opt for the interpretation that restricts liability"); *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 965 (7th Cir. 2000) ("[F]aced with two equally plausible interpretations of state law, we generally choose the narrower interpretation which restricts liability….").

Both *Velasco* and *Hazdovac* recognize the same problem with accepting the indirect-chain theory that Plaintiffs rely on here: accepting the argument would likely lead to coverage for every component by California's emissions warranty. *Velasco*, 2014 WL 4187796, *13 ("in the absence of any logical limiting principle, the court does not believe the emissions warranty statutes can reasonably be construed to have such a sweeping scope"); *Hazdovac*, 2020 WL 12044146, *4 ("such chain-of-event theories on the inner workings of the interdependent modern automobile, offered without accompanying statistics or concurring authority, risk stretching the CCR's 'emissions-related' mandate to cover the whole machine, tip to tail"). Both courts recognize, therefore, the existence of an obvious legal alternative explanation, which is that the

emissions warranty does not extend to every possible component that indirectly could affect emissions. *Velasco* correctly applies the plausibility standard by dismissing that claim; *Hazdovac* does not. *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004) (holding that given a choice between an interpretation that reasonably restricts liability and one that greatly expands it, "we should choose the narrower and more reasonable path.").

Further, accepting Plaintiffs' broad construction of the scope of the emissions warranty impermissibly renders superfluous the limitation of the emissions warranty to a subset of vehicle components. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1154 (9th Cir. 2019) ("The California Supreme Court has long made clear that 'interpretations which render any part of a statute superfluous are to be avoided'") (quoting *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1207 (2006)).

Federal courts must act with caution when interpreting state law, leaving innovation up to the state courts or legislature. As the U.S. Supreme Court has put it, "[a] federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications which may commend themselves to the federal court, but which have not commended themselves to the State in which the federal court sits." *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4, (1975) (citing *Erie*).

The Ninth Circuit has applied this principle repeatedly, as have district courts. *See, e.g., Del Webb Communities Inc. v. Partington*, 652 F.3d 1145, 1154 (9th Cir. 2011) (a federal court "should hesitate prematurely to extend the law in the absence of an indication from the state courts or the state legislature that such an extension would be desirable") (citation omitted); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citation omitted) (holding federal courts are not free to expand state implied warranty law by creating exceptions to circumvent absence of privity between car manufacturer and car purchaser); *Davidson v. Apple, Inc.*, No. 5:16-cv-04942-LHK, 2017 WL 3149305, at *18 (N.D. Cal. July 25, 2017) ("a federal court sitting in diversity should opt for the interpretation that restricts liability, rather than

expands it") (citation omitted); *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483 F. Supp. 3d 838, 848-49 (C.D. Cal. 2020) (any uncertainty about the scope of the economic-loss rule should not be resolved in favor of creating a liability expanding exception) (citations omitted). Consistent with this principle, *Velasco* properly limited the scope of potential liability under California's emission-warranty law; *Hazdovac* did not.

This Court should follow *Velasco*, not *Hazdovac*, and reject Plaintiffs' impermissibly vague, conclusory, and limitless theory of liability.

## III.   Plaintiffs Fail to Allege they Lack an Adequate Remedy at Law.

Even if Plaintiffs' sole UCL claim did not fail for the reasons above, it would nonetheless fail because they do not allege they lack an adequate remedy at law – as they must under *Sonner*. As set forth in the opening brief, claimants seeking to plead an equitable remedy (which is the only form of remedy available under the UCL) must first plausibly allege that they lack an adequate remedy at law. Here, Plaintiffs' allegation – even if otherwise viable – could be redressed through the legal remedy of monetary damages. Plaintiffs' arguments in Opposition serve to confirm this, underscoring the very nature of their claims. In Opposition Plaintiffs explain that "[a]s a result of Porsche's misconduct, Plaintiffs and members of the Class had to pay out of pocket for repairs of the subject parts." See Opp. at 2:26 – 3:2. These are precisely the type of allegations that can be remedied entirely through monetary damages. The arguments Plaintiffs offer in Opposition fail to suggest otherwise:

### A.   Plaintiffs fail to distinguish *Sonner*.

First, Plaintiffs argue that *Sonner* should not apply because they have not separately attempted to plead *other* claims for damages. They argue that "since Plaintiffs do not even assert a CLRA claim for damages, Porsche's argument…is irrelevant," continuing to assert that "Plaintiffs cannot be 'made whole' by damages that they cannot and do not seek." See Opp. at 14:15-24. This argument fails. *Sonner*'s holding is based on whether legal remedies would be inadequate – not whether the

claimant attempted to plead those legal remedies. *Sonner* held that a claimant seeking equitable remedies "must establish that she lacks an adequate remedy at law before securing" those equitable remedies. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). The Ninth Circuit never discussed in *Sonner*, let alone held, that a claimant must separately also attempt to plead those failed claims for legal remedies.

The Supreme Court authorities *Sonner* relied on confirms this reasoning. *See Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992) (holding that when "remedies are equitable in nature ... it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief"); *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law."); *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) ("Respondents have failed…to establish the basic requisites of the issuance of equitable relief in these circumstances—the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law.")

Cases subsequently applying *Sonner* reinforce this. In *Guzman*, plaintiff argued his "equitable restitution claim must survive because he has not pleaded any legal remedy and only seeks restitution under the UCL." *Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543-FLA (KESx), 2021 WL 2021454, at *11 (C.D. Cal. May 12, 2021). Squarely rejecting this argument, the court explained that "[t]he relevant question… is not whether [claimant] has *pleaded* legal remedies, but whether he could have *sought* an adequate legal remedy." *Id.* (citing *Sonner*, 971 F.3d at 844) (original emphasis.); *see also Wu v. iTalk Glob. Commc'ns, Inc.*, No. 2:20-cv-07150-PSG-PJW, 2021 WL 5176799, at *4 (C.D. Cal. Feb. 2, 2021) (rejecting claimants' argument that *Sonner* should not apply "because they assert a single cause of action under the UCL, which does not entitle Plaintiffs to any legal remedies against Defendant" and dismissing accordingly). Plaintiffs' deliberate choice to avoid asserting a legal claim for damages does not mean that they lacked one.

1    Plaintiffs next argue that they should be relieved of this requirement on the basis

2    that they may assert alternative forms of relief at the pleading stage. *See* Opp. at 14:25

3    – 16:8. They assert that "*Sonner* does not constitute controlling authority prohibiting a

4    federal court plaintiff from pleading alternative remedies, and Plaintiffs should not have

5    to choose their claim or remedy at the pleading stage." *Id*. at 16:1-3. This argument fails

6    as well. As numerous courts have explained, "[t]he issue is not whether a pleading may

7    seek distinct forms of relief in the alternative, but rather whether a prayer for equitable

8    relief states a claim if the pleading does not demonstrate the inadequacy of a legal

9    remedy. On that point, Sonner holds that it does not." *Sharma v. Volkswagen AG*, 524

10   F. Supp. 3d 891, 907 (N.D. Cal. 2021); *see also Elizabeth M. Byrnes, Inc. v.*

11   *Fountainhead Com. Cap*., LLC, 2:20-cv-04149-DDP-RAO, 2021 WL 5507225, at *5

12   (C.D. Cal. Nov. 24, 2021) (same); *In re California Gasoline Spot Mkt. Antitrust Litig*.,

13   No. 3:20-cv-03131-JSC, 2021 WL 1176645, at *8 (N.D. Cal. Mar. 29, 2021) (expressly

14   rejecting the argument that *Sonner* does not apply because claimants "are permitted to

15   plead alternative claims for relief" and collecting cases.)

16   Plaintiffs cite to the *Moore v. Mars Petcare* decision, relying on dicta in a

17   footnote from that case to argue that they "can pursue equitable claims under the UCL

18   in the alternative to legal claims at the pleading stage." *See* Opp. at 15:1-8. This

19   attempted reliance on *Moore* is misplaced. First, "the footnote in Moore is dicta and not

20   binding." *Shay v. Apple Inc*., No. 3:20-cv-01629-JO-BLM, 2021 WL 1733385, at *4

21   (S.D. Cal. May 3, 2021). As a court in this District recently emphasized, the *Sonner*

22   decision "is based upon a careful study of U.S. Supreme Court precedent." *Adams v.*

23   *Cole Haan, LLC*, No. 8:20-CV-00913-JWH-DFMx, 2021 WL 4907248, at *3 (C.D.

24   Cal. Mar. 1, 2021). In contrast, the portion of *Moore* cited "consists of two sentences in

25   a footnote." *Id*. Accordingly, "the clear holding in *Sonner*, not the dictum in *Moore*,

26   controls whether Plaintiffs' UCL claim is subject to an adequate legal remedy

27   requirement." *Audrey Heredia v. Sunrise Senior Living LLC*, No. 8:18-cv-01974-JLS-

28   JDE, 2021 WL 819159, at *3 (C.D. Cal. Feb. 10, 2021)

1        Second, even if it could somehow apply, *Moore* would offer Plaintiffs no support,

2  since "the court in *Moore* only stated that the remedies under the UCL, FAL, and CLRA

3  are cumulative with one another, not with separate legal remedies." *Shay*, 2021 WL

4  1733385, at *4; *see Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1021 (9th Cir.

5  2020) ("The UCL, FAL and CLRA explicitly provide that remedies under each act are

6  cumulative to each other.") Contrary to Plaintiffs' understanding, *Moore* does not stand

7  for the proposition that a claimant is relieved of the requirement that he plead he lacks

8  an adequate remedy at law in order to pursue equitable remedies in federal court.

9        Finally, to the extent any tension may exist between *Moore*'s dicta and *Sonner*'s

10  well-established holding, courts in this circuit have overwhelmingly followed *Sonner*.

11  As one court recently recognized, "all district courts that have been confronted with the

12  argument that *Moore* should be the authority courts should follow instead of Sonner

13  have all rejected the significance of the footnote in *Moore*." *See Shay*, 2021 WL

14  1733385, at *4 (collecting cases.)

15        Plaintiffs also cite *Madani* for the proposition that "theories of equitable remedies

16  are not barred by a plaintiff adequately pleading theories supporting monetary relief."

17  See Opp. at 15:8-13 (citing *Madani v. Volkswagen Grp. of Am., Inc.*, No. 4:17-cv-

18  07287-HSG, 2019 WL 3753433, at *9 (N.D. Cal. Aug. 8, 2019) (Gilliam, J.) Yet, that

19  case predated *Sonner*, in which the Ninth Circuit reached the opposite conclusion from

20  that which Plaintiffs cite *Madani* for. *See Sonner*, 971 F.3d at 844 (holding a claimant

21  "must establish that she lacks an adequate remedy at law before securing equitable

22  restitution for past harm under the UCL and CLRA.") Even the *Madani* court changed

23  its position following the controlling *Sonner* decision. *Williams v. Tesla, Inc.*, No. 4:20-

24  cv-08208-HSG, 2021 WL 2531177, at *7 (N.D. Cal. June 21, 2021) (Gilliam, J.).

25        Plaintiffs next attempt to rely on the recent *Haas* decision, citing it at length. See

26  Opp. at 15:14-26. But *Haas* involved a determination that plaintiff had satisfied the

27  pleading requirement that he lacked an adequate remedy at law; not that this pleading

28  requirement doesn't exist. *See Haas v. Travelex Ins. Servs. Inc.*, No. 2:20-cv-06171-

ODW-PLA, 2021 WL 3682309, at *3 (C.D. Cal. Aug. 19, 2021) ("Haas has sufficiently pleaded an inadequate remedy at law.") In a passage immediately following the portion Plaintiffs here quote (but conspicuously omit from their Opposition brief), the *Haas* court explained that "Hass's claim of a lack of adequate legal remedy is plausible." *Id*. at *6. The determination in *Haas* that the claimant there had pled he lacks an adequate remedy at law is far different from the holding for which Plaintiffs here attempt to rely on this case – namely, that they are not required to plead this at all.

Nor does *Haas* suggest that *Sonner*'s holding should be limited due to its "unique procedural posture," as Plaintiffs attempt to argue. See Opp. at 15:18-19 (citing *Haas*). As subsequent authorities have repeatedly confirmed, "it is of no moment that *Sonner* was decided at a much later state in the ligation, because nothing in *Sonner* limits its precedential value to such circumstances." *Lisner v. Sparc Grp. LLC*, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (cleaned up); *see also Drake v. Toyota Motor Corp*., No. 2:20-CV-01421-SB-PLA, 2021 WL 2024860, at *7 (C.D. Cal. May 17, 2021) (same); *Zaback v. Kellogg Sales Co*., No. 3:20-cv-00268-BEN-MSB, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (collecting cases that have "applied Sonner to dismiss complaints in cases involving similar claims at the more familiar early stages of litigation.")

**B.    Plaintiffs fail to plead a basis for future injunctive relief.**

Plaintiffs next pivot at page 16 to argue that they are entitled to injunctive relief. See Opp. at 16:9 – 18:24. They argue that "*Sonner* does not bar consumer fraud claims that seek injunctive relief where the plaintiff, as here, alleges future harms." *Id*. This argument fares no better.

First, in order to allege a basis for such injunctive relief – including for "future harms" Plaintiffs would still need to allege that legal remedies in the form of damages are insufficient. As the Honorable André Birotte Jr. recently explained in dismissing claims on this basis, "nothing suggests that damages will not be adequate for future purchasers simply because they have not purchased their vehicles yet. Once those future

1  purchasers purchase their vehicles, damages will be as adequate a remedy for them as

2  it will be for currently-existing purchasers." *Clark v. Am. Honda Motor Co*., 528 F.

3  Supp. 3d 1108, 1121 (C.D. Cal. 2021); *see also Schertz v. Ford Motor Co*., No. 2:20-

4  cv-03221-TJH-PVC, 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020) (dismissing

5  claims for injunction and restitution under the UCL because plaintiff failed to allege the

6  lack of an adequate legal remedy as required under *Sonner*).

7        Second, even if damages were somehow not sufficient to compensate such harm,

8  Plaintiffs' UCL claim would still fail because they do not articulate any actual and

9  imminent harm necessitating injunction. In *Davidson*, the Ninth Circuit provided the

10  standard under which a claimant claiming to have been previously deceived has

11  standing to seek such injunctive relief. *Davidson v. Kimberly-Clark Corp*., 889 F.3d

12  956, 967 (9th Cir. 2018). The *Davidson* decision, which both sides cite and rely on,

13  cautioned: "For injunctive relief, which is a prospective remedy, the threat of injury

14  must be 'actual and imminent, not conjectural or hypothetical.' " *Id*. (citing *Summers v.

15  Earth Island Inst.,* 555 U.S. 488, 493 (2009).) The *Davidson* court continued to

16  admonish that "the "threatened injury must be certainly impending to constitute injury

17  in fact" adding that "allegations of possible future injury are not sufficient." *Id*. (citing

18  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

19        Following *Davidson,* courts have consistently refused to permit claims for future

20  injunctive relief where allegations do not "demonstrate an 'actual and imminent' threat

21  of future harm." *Svensrud v. Frito-Lay N. Am., Inc*., No. 8:20-cv-00714-JLS-DFM,

22  2020 WL 8575056, at *5 (C.D. Cal. Dec. 21, 2020). *See also Sonneveldt v. Mazda

23  Motor of Am., Inc*., No. 8:19-cv-01298-JLS-KES, 2021 WL 62502, at *16 (C.D. Cal.

24  Jan. 4, 2021) (determining plaintiff failed to allege basis for future injunctive relief

25  under *Davidson* on allegations that "class members [are] at risk of water pump failure

26  and the corresponding safety risk of engine failure.")

27        Attempting to articulate such harm, Plaintiffs argue that "they will need to repair

28  or replace coolant pumps in their own Class Vehicle, moving forward," citing to

paragraph 85 of the Amended Complaint. See Opp. at 17:8-21. Yet, neither paragraph 85 nor any other part of the amended pleading articulates any imminent threat of future harm under the standard articulated by *Davidson*. Paragraph 85 provides: "Plaintiffs and Class members suffer the threat of future harm that only an injunction can remedy because they will need to repair or replace coolant pumps in their Class Vehicles, moving forward." See FAC ¶ 85. Such allegations are precisely what the Ninth Circuit cautioned against in providing that "the "threatened injury must be certainly impending to constitute injury in fact" adding that "allegations of possible future injury are not sufficient." *Davidson*, 889 F.3d at 967. "For injunctive relief…the threat of injury must be 'actual and imminent, not conjectural or hypothetical.' " *Id*. Nowhere do Plaintiffs allege any "imminent threat" of an impending injury that must be remedied through resort to injunctive relief through this Court. To the contrary, they allege that they have already been charged for repairs that they challenge on some past unspecified date. See FAC ¶ 44. As emphasized in the opening memorandum, Plaintiffs do not even allege that they currently own the subject Porsche vehicle at issue here, let alone a Porsche vehicle at all, much less one in which Porsche has failed to disclose which parts are subject to what warranties. Plaintiffs do dispute this in Opposition.

Nor could Plaintiffs be "deceived" from future purchases—given their allegations, they could hardly be "deceived" in the future about what parts should be covered by the high-priced emissions warranty and could seek relief based on any failure to cover those repairs under warranty. *See Johnson v. Glock, Inc*., No. 3:20- CV-08807-WHO, 2021 WL 428635, at *6–7 (N.D. Cal. Feb. 8, 2021) (dismissing UCL injunctive-relief claim for similar reasons); *Williams v. Apple, Inc*., No. 19-CV-04700-LHK, 2020 WL 1492718, at *7–8 (N.D. Cal. Mar. 27, 2020) (same); 13 C.C.R. § 2041 (providing a mechanism for consumers to request that the Executive Officer of CARB mediate warranty claims and issue a finding of Warrantable Condition when a particular repair should be covered under the California emissions warranty). Plaintiffs provide no apparent response to this in Opposition either. Indeed, they offer no explanation to

show that their amended pleading articulates a threat of future injury that is "actual and imminent, not conjectural or hypothetical." *Davidson*, 889 F.3d at 967.

Plaintiffs elsewhere cite to paragraph 74. See Opp. at 18:4. The allegations there are even more nebulous. Paragraph 74 alleges: "Porsche's acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief." FAC ¶ 74. Again, no "actual and imminent" injury is alleged on the part of Plaintiffs.

Finally, even if Plaintiffs had alleged that they lack an adequate remedy at law or otherwise escaped *Sonner*'s holding, their claim it would remain an impermissible attempt to insert the Court into a California regulatory agency's processes and enforcement procedures. As set forth in the opening memorandum, "it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution" and "any injunctive relief awarded must avoid unnecessary disruption to the state agency's normal course of proceeding." *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (cleaned up.) For this reason, California state and federal courts have repeatedly cautioned against inserting themselves into the political and economic questions of how consumer products are priced. *See Boris v. Wal-Mart Stores, Inc*., 35 F. Supp. 3d 1163, 1172 (C.D. Cal. 2014), aff'd, 649 F. App'x 424 (9th Cir. 2016) ("California courts have consistently described price regulation as a question of economic policy. It is the Legislature's function, not ours, to determine the wisdom of economic policy. Judicial intervention in such economic issues is improper") (cleaned up); *see also Princess Cruise Lines, Ltd. v. Superior Court*, 179 Cal. App. 4th 36, 46 (2009) ("... in the absence of legislatively crafted standards, it is not for us to lay down economic policy that passes on the reasonableness of charges.")

This established principle is particularly applicable where, as here, would-be claimants seek to invoke a court of equity (through a UCL claim) to accomplish injunctive relief that "implicates matters of complex economic policy, where the

injunction would lead to a multiplicity of enforcement actions, and/or result in ongoing judicial supervision of an industry." *Consumer Advocs. v. DaimlerChrysler Corp*., No. G029811, 2005 WL 327053, at *13 (Cal. Ct. App. Jan. 31, 2005) (reversing UCL injunction related to car company's allegedly unlawful warranty practices under the adequate remedy at law doctrine and also under equitable abstention principles because "[a] court of equity simply should not be otherwise supervising DaimlerChrysler's business practices").

Even if it were not precluded for each of the reasons articulated above, Plaintiffs' attempt to use this Court of equity for purposes beyond its ambit would fail on this basis. Revealingly, Plaintiffs make no attempt to respond to this argument -- other than to dismiss it as "a red herring" with no attempt to distinguish Porsche's case authorities, or offer any of their own in in support. See Opp. at 18:17-24. This effective lack-of-response only serves to further confirm that dismissal is also appropriate.

Simply, Plaintiffs have not alleged a basis for this claim for equitable relief – either by alleging they lack a legal remedy in the form of damages, or by articulating a claim for the injunctive relief they purportedly seek. Even if it had otherwise been viably alleged (and it has not), Plaintiffs' UCL claim would fail as a result.

## CONCLUSION

Plaintiffs fail to allege a plausible cause of action under either Rule 8 or Rule 9(b) and, even if they had met that burden, they fail to allege any facts supporting equitable relief. For all of these reasons, the FAC should be dismissed with prejudice.

Dated: February 14, 2021

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By: /s/ *Amir Nassihi*
Amir Nassihi
Attorneys for Defendant
PORSCHE CARS NORTH AMERICA, INC.